UNITED STATES of America,
Appellee,

v.

Marvin SIMMONS, Appellant.

No. 71–2028.

United States Court of Appeals,
Ninth Circuit.

March 13, 1972.

E. Mark Himelstein (argued), Tim M. Savinar, of Penrod, Himelstein, Savinar & Sims, San Francisco, Cal., for appellant.

Daniel E. Ahlstrom, Asst. U. S. Atty. (argued), Alan B. Andrews, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before KOELSCH and GOODWIN, Circuit Judges, and CARR,* District Judge.

PER CURIAM:

Marvin Simmons was convicted, following a trial to the court, of violating the Dyer Act (18 U.S.C. § 2312). On this appeal from the ensuing judgment of conviction, he urges two errors. Neither has merit.

*First*: The court acted well within its discretion in refusing to permit cross-examination of a government witness concerning the precise location on the automobile of the manufacturer's "secret numbers" to which the witness resorted, in order to identify the vehicle as the one Simmons had stolen. In some circumstances, a limitation on such proposed cross-examination might constitute reversible error; but, as aptly stated in United States v. Williamson, 272 F.2d 495 (5th Cir. 1959), cert. denied 362 U.S. 920, 80 S.Ct. 672, 4 L.Ed.2d 740, " . . . there is nothing [in this

* Honorable Charles H. Carr, United States District Judge, Los Angele,s California, sitting by designation.

record] to indicate that the location of the serial number would be material or that by inspection and discovery of the number or the location the testimony of the agent might be impeached."

 *Second*: The same conclusion is warranted with respect to the district court's denial of a continuance, sought on the day of trial, in order to permit Simmons to engage counsel of his own choosing. United States v. Deegan, 428 F.2d 714 (2d Cir. 1970), cert. denied 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188, and see Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). The "reason" Simmons gave for desiring a change was specious and the record manifests that his appointed counsel afforded him competent and effective assistance at all stages of the matter.

The judgment is affirmed.