560 A.2d 781

COMMONWEALTH of Pennsylvania

v.

Richard E. LOWRY, Jr., Appellant.

Superior Court of Pennsylvania.

Argued Jan. 25, 1989.

Filed May 10, 1989.

Reargument Denied July 13, 1989.

238

George R. Zaiser, Franklin, for appellant.

Marie T. Veon, Assistant District Attorney, Franklin, for Com., appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence following a jury trial where the Appellant was convicted of: (1) Theft by Receiving Stolen Property, 18 Pa.C.S. § 3925, (2) Removal or falsification of vehicle identification numbers [VIN], 75 Pa.C.S. § 7102(a), (3) Removal or Falsification of VINs with intent to conceal or misrepresent a vehicle's identity, 75 Pa.C.S. § 7102(b), (4) Dealing in vehicles with removed or falsified numbers knowing that the VINs have been removed or falsified, 75 Pa.C.S. § 7103(a), and (5) Dealing in vehicles with removed or falsified VIN with intent to conceal or misrepresent their identity, 75 Pa.C.S. § 7103(b). These convictions stemmed from Appellant's possession of a 1982 BMW which was seized by the police after a patrolman noticed that the VIN plate located on the dashboard of the car appeared to have been installed on the dashboard and was not the original plate issued to the vehicle.

The Appellant, owner of Lowry Auto Wrecking and Salvage Yard, claims on appeal, (1) that the trial court erred in denying Appellant's motion to compel discovery of the exact location of the "confidential" vehicle number, (2) that the trial court erred in failing to grant the Appellant's motion to dismiss under Rule 1100, (3) that he was prejudiced by the Commonwealth's question to a witness suggesting that he had committed other crimes, i.e. the offense of inspecting his own vehicle, (4) that the trial court erred in refusing to grant Appellant's motion for a directed verdict because there was only insufficient, hearsay evidence presented on the issue of whether the vehicle was stolen, (5) that the trial court erred in failing to grant the motion for a directed verdict because the evidence was insufficient on the issue of guilty knowledge, and (6) the evidence was insufficient on the issue of Appellant's intent and guilty knowledge in the removal and falsification of the VIN numbers. We affirm and will discuss each issue seriatim.

In Appellant's Motion to Compel Discovery, he requested the court to order discovery of the location of the confidential number on his car which had been seized by the police. This confidential vehicle number had been communicated to the BMW importer who traced this number to a BMW which had been stolen in Pittsburgh. Appellant stated in his Motion to Compel Discovery, "the Commonwealth should be required to tell the defendant where the number is located so that the defendant can then determine whether the part where the number is located was a part that was replaced in the course of repair by the defendant."

The court refused to grant the motion as to the location of the number on the grounds, "that it is not material to the instant action and therefore not within Pa.R.Crim.P. 305(B)(1), and on the grounds that Defendant has failed to make a showing that such disclosure is reasonable, material to his defense, and in the best interest of justice as required by Rule 305(B)(2)(d)."

Relying on *Roviaro v. U.S.*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) which concerns the disclosure of the

identity of an informant, and on *Roviaro's* Pennsylvania progeny such as *Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967), the trial court held that a balancing analysis, to determine the propriety of the disclosure, should be applied to this issue. This requires balancing the public interest in non-disclosure against the Appellant's right to prepare a defense. Because the trial court found that Appellant had presented an inadequate basis for disclosure, it held that the public interest outweighed the defense's need for the confidential information.

The trial court noted that the location of confidential numbers are known only to the manufacturer and certain persons concerned with identification of vehicles for insurance or enforcement procedures. Further, the court noted that disclosure of their location would destroy the effectiveness of these numbers in aiding law enforcement, because once this location became known, the confidential numbers would be altered along with the public and police VINS, thereby destroying the only means presently available for tracing the ownership of a vehicle.

Moreover, following the holding in *Colosimo v. Pennsylvania Elec. Co.*, 337 Pa.Super. 363, 486 A.2d 1378 (1984), the trial court held that a request for production of a confidential number is a discovery request which was discretionary with the trial court under Pa.R.Crim.P. 305(B)(2)(d). As such the defendant must show that the requested information is, (1) material to the defense; (2) reasonable; and (3) in the interests of justice.

Although we can find no case in Pennsylvania where it has been held that a request for a production of the location of a confidential vehicle number should be analyzed in the same way as a request for the production of the identity of a confidential informant, we believe that it would be reasonable to proceed in the same manner on both types of requests. We have found, however, that this analysis has been used in the federal courts in connection with confidential numbers on stolen cars transported in interstate com-

merce (Dyer Act, 18 U.S.C.A. §§ 2312, et seq.) The Fifth Circuit stated in this regard,

> Just as the prosecution need not generally divulge the name of an informer unless some materiality is shown, they need not reveal the location of these marks which are a highly valuable tool to law enforcement officers in discovering and solving car thefts. *Gurleski v. United States,* 405 F.2d 253, 266 (5th Cir.1968); *see also, United States v. Briddle,* 430 F.2d 1335, 1341 (8th Cir.1970); *Williamson v. United States,* 272 F.2d 495, 497 (5th Cir.1960); *United States v. Simmons,* 457 F.2d 763 (9th Cir.1972).

■ We therefore hold that the qualified privilege afforded the identity of informants, and the factors the court considers when balancing the public's protection and the defense's right to know the identity of a confidential informant, under Rule 305(B)(2)(d), will be the same qualified privilege and the same factors considered when deciding whether the location of confidential numbers should be revealed.

■ In the instant case, Appellant's defense consisted in part of an attempt to prove to the jury that the vehicle in question was not the stolen BMW, but was actually the titled and reconstructed BMW in which numerous parts from various sources were included. Appellant claims that the location of the confidential number was material, because if it were located on a removable part, then the Appellant could have attempted to trace the particular part involved to its source. Although this part containing the confidential number came from a stolen vehicle, it could have been innocently acquired by Appellant.

Because the defense was proceeding on this theory, the location of the confidential number would have been material to the defense. Unlike other cases in which the court found such a request immaterial, Appellant here does not merely assert that the location of the numbers would be

helpful to the defense, *Commonwealth v. Speaks*, 351 Pa.Super. 149, 505 A.2d 310 (1986), *Commonwealth v. Herron*, 475 Pa. 461, 380 A.2d 1228 (1977). However, at the time the request was made, the defense failed to demonstrate that there was a reasonable possibility that the confidential information would tend to exonerate Appellant. *Commonwealth v. Fleck*, 324 Pa.Super. 227, 235, 471 A.2d 547, 550 (1984). As the trial court stated,

> In the judge's chambers, on the date set for the discovery hearing, defense counsel stated he needed the exact location of the number because it might be located on some easily removable part of the auto. At the preliminary hearing, however, Trooper Hoskowitz testified that the secret number was stamped into the BMW's chassis, which he explained is a unibody structure, having no removable parts.

There is nothing in the record which shows that Appellant contested the Trooper's assertion during this preliminary hearing and therefore it was reasonable and well within the court's discretion to deny this request for production. Thus, although Appellant's request was material to the defense, Appellant failed to meet the remaining two requirements of Rule 305(B)(2)(d), i.e. that the request was reasonable, and that it would be in the interests of justice to reveal the location because it would tend to exonerate the accused. The reasonableness of such a request is determined by balancing the public interest with the defense's need for the confidential information. Here, the public interest outweighed this need, because testimony at the hearing indicated that revelation of the confidential information would not tend to exonerate the accused. Therefore, we find no error in the trial court's decision to refuse to disclose the location of the confidential identification number.

Next we consider whether there was a violation of Rule 1100 necessitating a dismissal of this action. The Complaint in this case was filed April 21, 1987 (this date was

conceded at the time of argument) (*Opinion of Court,* 6/20/88 at 1). Appellant pled not guilty to the charges in the [formal] information on July 1, 1987 and the case was listed for the August criminal trial term. The defense was granted a continuance by order of court dated July 27, 1987, which stated that the trial, "is hereby continued until the criminal term in October, 1987." The October criminal term began on October 26 and ended on November 5, 1987, but the trial was not listed in that term. Instead, it was not until January 5, 1988 that day the jury was selected and trial commenced January 7, 1988.

Prior to jury selection, Appellant moved to dismiss based on a Rule 1100 violation. He argued that the time had expired on January 4, 1988, one day prior to trial. However, the trial court held that the trial commenced for the purposes of the 180 day prompt trial rule on January 5, 1988 (See, *Comment* to Rule 1100), which was, according to the court's calculations, 158 days from the filing of the criminal complaint. The trial court excluded from its computations 101 days, the entire period from the grant of the continuance on July 27 to November 5, the last day of the October term, pursuant to Rule 1100(c)(3).

Appellant concedes that some part of that continuance period should be excluded, but he argues initially that the continuance should be calculated from August 3, 1987, not July 27, 1987, because the case was listed to be tried during a three week criminal term commencing on August 3. However the courts of this Commonwealth have consistently measured the excludable delay caused by the defense continuance from the date the continuance was granted and not from the date listed for trial. *Commonwealth v. Wade,* 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Coleman,* 241 Pa.Super. 450, 454, 361 A.2d 870, 872 (1976), *rev'd on other grounds, Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978). Therefore, the excludable period begins to run from July 27, 1987.

244

■ Next Appellant claims that the continuance which was to run "until the criminal term in October" should be construed to mean that the defense was given a continuance to run until October 19, the first day of the criminal term as it was originally scheduled. It is true that at the time the motion was filed the court calendar indicated that the criminal trial term in October would commence on October 19, however, this date was not specified on the continuance. Rather, the defense attorney indicated that he would be unavailable during the month of September, and his motion for a continuance evidenced a concern that the case not be called to trial before October. Therefore, we hold that because the continuance was pegged to the court calendar, and not to a specific date, a change in the court calendar does not constitute judicial delay. The excludable period resulting from the continuance runs from July 27 to October 26, 1987, Rule 1100(c)(3)(ii).

We need not determine whether the excludable period ended on November 5, the end of the October criminal term, or October 26, the beginning of the term, because either way the trial commenced within the 180 day period allowed under Rule 1100. The court's failure to grant a continuance specifying a date certain for the commencement of trial has resulted in ambiguities and uncertainties which could have easily been avoided. Our supreme court has required since *Commonwealth v. Coleman, supra,* 383 A.2d at 1271, that because of Rule 1100 concerns, continuances must be granted for a specified period of time. In the instant case we note that the simple expedient of specifying a date certain for commencement of trial when granting a continuance would have prevented most of the problems encountered here in calculating the Rule 1100 run date.

Next we consider whether the court erred in failing to grant a mistrial when Trooper Hoskowitz, a police officer and a certified inspection mechanic, was asked by the prosecution, in the course of direct examination, the following questions:

Q. Mr. Lowry [the appellant], according to this report, inspected his own vehicle?

A. Yes, he did.

Q. Is that a proper procedure? (N.T. at 80, January 7, 1988)

At this point, the defense objected and there was a side bar conference at which a mistrial was requested and refused. Following the side bar conference the court stated, "The jury is instructed to disregard the question. It has no relevancy in this proceeding."

■ Since the Commonwealth was maintaining that the BMW of good condition was stolen and its identity falsified through the use of the reconstructed title and VIN numbers taken from the actual salvage vehicle, the question was asked to show guilty knowledge of the theft. Although the question propounded by the prosecutor may have elicited an inadmissible response, inasmuch as the answer was interrupted there was no express reference to other criminal activity. *Commonwealth v. Heaton*, 504 Pa. 297, 302, 472 A.2d 1068 (1984). Furthermore, as the Pennsylvania Supreme Court stated:

> Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the granting of a new trial. A new trial is required when the remark is prejudicial; that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. [citations omitted]

*Commonwealth v. Marker*, 231 Pa.Super. 471, 331 A.2d 883 (1974).

We hold that there was no prejudice from this remark not only because the question remained unanswered, but also because the trial court's immediate curative instructions alleviated any harm from any inferences the jury could make. *Commonwealth v. Morris*, 513 Pa. 169, 177, 519 A.2d 374, 377 (1986). We therefore affirm the trial court on this issue.

■ On the next two issues, Appellant claims that his motion for a directed verdict should have been granted because the Commonwealth failed to establish that the vehicle in question had been stolen, and that he had the guilty knowledge required for conviction of possessing stolen property. The Appellant is required to order any transcript which shall constitute the record on appeal. *See*, Pa.R.A.P., Rule 1911, 42 Pa.C.S.A. Furthermore, material which is not contained in the record can not be considered by an appellate court in its review of the issues. *McAllonis v. Pryor*, 301 Pa.Super. 473, 448 A.2d 5 (1982); *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); *See*, Pa.R.A.P., Rule 1921, 42 Pa.C.S.A. Therefore, because we can find no evidence in the record of Appellant's motion for a directed verdict, these two issues have been waived for the purposes of appellate review.

■ Lastly, we address Appellant's claim that there was insufficient evidence concerning his knowledge and intent to remove and falsify the VIN numbers on the BMW, and to deal in vehicles with such falsified numbers. Numerous factors point to such guilty knowledge and intent, not the least of which was that the tampered with VIN numbers found on the vehicle which was originally seized by the Patrolman were traced to a 1982 BMW purchased by Appellant for salvage. Then when the salvage vehicle, hidden in Appellant's auto wrecking and salvage yard, was discovered, it was burned within forty-eight (48) hours of that discovery and before the police could take possession. The elements of intent and guilty knowledge may be established by circumstantial evidence. *Commonwealth v. Campbell*, 233 Pa.Super. 454, 334 A.2d 735, 737–38 (1975). We find that there is such sufficient evidence here to establish the requisite intent and knowledge, and would affirm the trial court court on this issue.

We therefore affirm the judgment of sentence of the trial court as to all issues.