JOHNSON, Judge:
Frank Osellanie appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County following his conviction for second-degree murder, third-degree murder, voluntary and involuntary manslaughter, kidnapping, rape and involuntary deviate sexual intercourse. See 18 Pa.C.S. §§ 2502(b), 2502(c), 2503, 2504, 2901, *475 3121, 3123. Osellanie’s convictions stem from the abduction, torture, rape and murder of a nine year old girl on May 14, 1989.
Following Osellanie’s jury trial, post-verdict motions were filed and denied by the Honorable Carlon M. O’Malley. Judge O’Malley sentenced Osellanie to a term of life imprisonment for the second-degree murder conviction and to consecutive terms of not less than twenty years’ nor more than forty years’ imprisonment for the kidnapping and rape convictions. Judge O’Malley found that the offenses of third-degree murder, involuntary and voluntary manslaughter, and involuntary deviate sexual intercourse merged with the second-degree murder conviction for sentencing purposes.
This timely appeal was then filed. On February 1, 1991, subsequent to Osellanie’s filing the appeal presently before us, Judge O’Malley granted Osellanie’s petition to proceed in forma pauperis. We note, however, that Osellanie continues to be represented by private counsel.
Osellanie raises three issues for our review:
1) Did the closing argument of the prosecutor contain several prejudicial and improper remarks referring to the facts not in evidence and inflammatory in nature thereby denying the Defendant, Frank Osellanie, a fair trial?
2) Did the Honorable Court err in allowing the Jury to view several photographs depicting decedent’s charred body?
3) Did the Honorable Court err in not changing venue or in the alternative not granting a change of venire?
Osellanie has failed to supply us with a complete record for our review. Pa.R.A.P. 1921. Specifically, he has failed to provide us with a transcript of his trial proceedings. Pa.R.A.P. 1911. Although Osellanie is before this court in forma pauperis it is nonetheless the appellant’s responsibility to order the transcript required and ascertain its presence in the record prior to certification for appeal. Pa.R.A.P. 1911, 1921, 1922. Commonwealth v. Lowry, 385 *476 Pa.Super. 236, 560 A.2d 781 (1989); Dorn v. Stanhope Steel, Inc., 368 Pa.Super. 557, 563 n. 1, 534 A.2d 798, 801 n. 1 (1987), allocatur denied, 518 Pa. 656, 544 A.2d 1342 (1988). Commonwealth v. Williams, 357 Pa.Super. 462, 516 A.2d 352 (1986). We are limited to considering only those facts which have been duly certified in the record on appeal. Button v. Button, 378 Pa.Super. 142, 145, 548 A.2d 316, 318 (1988), citing Commonwealth v. Young, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974); Barner v. Barner, 364 Pa.Super. 1, 9, 527 A.2d 122, 126 (1987).
Inquiries as to the whereabouts of the trial transcript by this court have proved unavailing. Moreover, we are compelled to remind defense counsel that it is not the responsibility of this court to obtain a copy of the trial transcript for the purposes of reviewing the client’s claims. See Commonwealth v. Buehl, 403 Pa.Super. 143, 588 A.2d 522 (1991). We direct counsel to Pennsylvania Rule of Appellate Procedure 1923, which provides that a statement by the appellant may be submitted to this court in the absence of a transcript. Without a trial transcript or a statement in lieu of a transcript, we are unable to conduct a proper review and analysis of Osellanie’s first issue, which alleges improper remarks by the prosecutor in his closing. Therefore, we must conclude that this issue has been waived for the purpose of appellate review. Commonwealth v. Lowry, supra.
In addressing Osellanie’s second claim we note that we are again thwarted in our efforts because Osellanie has failed to provide us with the photographic exhibits to which he objects. Pa.R.A.P.1921. However, as Judge O’Malley has described the photographs at issue, we shall address this claim of trial court error, relying upon his written depiction. Judge O’Malley has described the pictures of the victim’s body as “partially clothed” and “charred.” Trial Court Opinion at 4. Osellanie describes the photographs as “gruesome” and “mortifying” but notes only that the photographs showed the victim “unclothed and stretched out on the Coroner’s table. The body was severe *477 ly burned and disfigured.” Appellant’s brief at 35. Admission of photographs depicting the corpse of a homicide victim or the scene of the crime lies within the sound discretion of the trial court whose decision will not be disturbed absent an abuse of discretion. Commonwealth v. Edwards, 521 Pa. 134, 151, 555 A.2d 818, 827 (1989). If the trial court finds that the photograph is not inflammatory it may be admitted if it is relevant to the facts of the case. Id. Even a gruesome or inflammatory photograph is admissible if its probative value outweighs its prejudicial effect on the jury. Id.
In Edwards, the trial court admitted thirteen photographs of the victim’s body. The photographs depicted the beaten face of the victim, the strangulation area of the victim’s neck, wounds on the victim’s hands and fingers, bite marks on the victim’s legs, and explicit photographs of the victim’s chest and abdomen related to the sexual nature of the attack. Id. On appeal, our supreme court concluded that “[t]he photographs admitted were not inflammatory and were relevant in aiding the jury to understand the events of the crime charged.” Id.
The description of the photographs by both the trial court and by Osellanie certainly do not rise to to the level of explicitness which the supreme court found acceptable in Edwards. Furthermore, Judge O’Malley permitted the photographs into evidence to substantiate the coroner’s testimony as to the cause of the victim’s death either by trauma to her head or by burning and inhalation. As such, admission of the photographs in question was not an abuse of the trial court's discretion. Edwards, supra.
Osellanie next contends that the trial court erred in denying his request for a change of venue or venire due to the pre-trial publicity surrounding the victim’s disappearance and death. It is axiomatic that the grant or denial of a change of venue rests within the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Commonwealth v. Tedford, 523 Pa. *478 305, 323, 567 A.2d 610, 618 (1989). In Tedford, we acknowledged that there are instances when pre-trial publicity is so great that prejudice of a jury is presumed.
Pre-trial prejudice is presumed if: (1) the publicity is sensational, inflammatory, and slanted towards conviction rather than factual and objective; (2) the publicity reveals the accused’s prior criminal record, if any, or if it refers to confessions, admissions, or reenactments of the crime by the accused; and (3) the publicity is derived from police and prosecuting officer reports.
Id., 523 Pa. at 324, 567 A.2d at 619 (citations omitted). However, the accused’s right to a fair trial is preserved if the trial judge is “particularly protective of the appellant’s right to a fair trial before an impartial jury throughout the jury selection process.” Id., 523 Pa. at 326-27, 567 A.2d at 620. Judge O’Malley notes that in the present case several prospective jurors who had knowledge of crimes attributed to Osellanie were excused for cause and were immediately separated from the jury pool. Furthermore, the impaneled jury was sequestered throughout the trial and jury deliberations. Judge O’Malley also notes that the defense did not even exhaust all their allotted peremptory challenges during the voir dire. Although Osellanie has not provided us with a transcript of the voir dire, see Pa.R.A.P.1911, 1921, supra and Buehl, supra, he has provided us with copious copies of newspaper articles to support his claim of pervasive prejudicial pre-trial publicity. However, without a transcript of the voir dire we cannot presume that the jury was tainted by this publicity. Buehl, supra; Dorn, supra. We are compelled, therefore, to conclude that the protections instituted by Judge O’Malley were sufficient to preserve Osellanie’s right to a fair trial. Tedford, supra.
Brief mention must be made of the position taken by our most highly esteemed colleague, the Honorable Vincent A. Cirillo, in his accompanying Dissenting Opinion. The issue of inconsistent verdicts which Judge Cirillo discusses has not been raised by either party on this appeal. Osellanie has been represented by privately-retained coun *479 sel throughout these proceedings. The Motion for New Trial and an [sic] Arrest of Judgment filed June 25, 1990 makes no mention of the alleged inconsistent verdicts. We believe that the failure of Osellanie to raise assignments of error in post-verdict motions results in the preclusion of later review of those issues by an appellate court. Commonwealth v. Monarch, 510 Pa. 138, 146-47, 507 A.2d 74, 78 (1986).
Were we, as an intermediate appellate court, to attempt to review the issue, we would be faced with the clear holding of the majority opinion in Commonwealth v. Brightwell, 479 Pa. 541, 388 A.2d 1063 (1978) cert. denied sub nom. Brightwell v. Pennsylvania, 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 664, (1978). In that case, the Honorable Samuel J. Roberts, writing for six of the seven justices of our Supreme Court, said:
Finally, appellant asserts that the jury could not lawfully return a verdict of guilty of both murder of the third degree and voluntary manslaughter. This issue has not been preserved for appellate review. When the jury returned its verdict, and before the court accepted it, the court called counsel to sidebar and informed them that “it is my understanding that the verdict in this case would be recorded as guilty of murder in the third degree ... Do you agree on that?” Both counsel agreed. The court then announced that appellant had been found guilty of murder of the third degree. Again, appellant did not interpose an objection. Had appellant objected and the court determined the verdict was inconsistent, the court could have directed the jury to retire and reconsider its verdict. By waiting until post-verdict motions to raise the issue, appellant deprived the court of an opportunity to correct any error. Consequently, appellant may not now complain of inconsistency in the verdict.
479 Pa. at 546-47, 388 A.2d at 1066. (citations and footnote omitted).
We believe we are bound to limit our review to those three issues preserved and raised on this appeal by Osella *480 nie. Any other claims, such as that addressed by Judge Cirillo, are properly left to subsequent collateral proceedings, if any, under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We therefore take no position on, nor do we consider, whether the presence or absence of malice is a separate and distinct element of the crime of either murder or manslaughter. And we do not attempt to decide the outcome of any future collateral proceeding involving issues not now before us.
Judgment of sentence AFFIRMED.
CIRILLO, J., files a dissenting opinion.