## Commonwealth v. Maypole

*Henry R. Acchione III, assistant district attorney,* for the Commonwealth.

*Arthur L. Gutkin,* for defendant.

FURBER, *J.,* July 28, 1994—Defendant appeals from an affirmation by this court of his guilty plea entered at the district court level.

## FACTS AND PROCEDURAL HISTORY

From the minimal information in the clerk of court's file, the following is what we were able to deduce. The defendant was arrested for operating a vehicle while his driver's license was suspended. 75 Pa.C.S. §1543. The defendant thereafter pled guilty to the summary charge and was ordered to pay a fine and as a result thereof the time of suspension on his license was extended.

The defendant filed an appeal nunc pro tunc from the judgment of the district court which this court denied on March 9, 1994. A notice of appeal was filed on April 12, 1994, and this court responded with a 1925(b) order requesting a concise statement of matters complained of in the appeal. The response to the 1925(b) order set forth five points of contention. The Superior Court's prothonotary notified the undersigned of the relevant dates regarding this appeal. The lower court record was due May 22, 1994. On May 1, 1994, Paula Meszaros, official court reporter, notified the defendant's attorney, Arthur L. Gutkin, Esquire, of the estimated price of the transcript of the district court hearing, and the required deposit. This court contacted Ms. Meszaros July 7, 1994, and was informed that there was no response to her letter.

ISSUES

Whether defendant's appeal should be dismissed because of his failure to order the district court hearing transcript as required by Pa.R.A.P. 1911(a)?

DISCUSSION

The defendant raises various claims which cannot be properly addressed on appeal because of his failure to order the transcript of the district court hearing as required by Pa.R.A.P. 1911(a). The defendant raised five claims in his appeal. He claims this court erred in not vacating his guilty plea because: 1) the defendant's mother paid the citations without the defendant's knowledge or permission; 2) the defendant did not endorse on the citation that he intended to plead guilty; 3) the defendant acted promptly after he learned of his right to contest the guilty plea entered by the district justice's office (defendant pled guilty in March 1988); 4) the district justice entered a finding of guilty without the defendant appearing before the district justice; and 5) the testimony of the defendant and his mother that the constable informed them that if the fines were not paid and the defendant did not plead guilty the defendant would be incarcerated.

The issues presented are based upon factual findings, conclusions made on the credibility of the witnesses, and actions by the district justice that are not reflected in the record. Without a proper record, it is impossible for this court to render a logical and coherent opinion on which the Superior Court can make its rulings. The courts of this Commonwealth have consistently held that on appeal a defendant is required to supply a complete record for review to an appellate court pursuant to Pa.R.A.P. 1911. *Commonwealth v. Osellanie,* 408

Pa. Super. 472, 597 A.2d 130 (1991); *Commonwealth v. Feflie,* 398 Pa. Super. 622, 581 A.2d 636 (1990), *appeal denied,* 528 Pa. 621, 597 A.2d 1151 (1991). Pa.R.A.P. 1911(a) places a duty upon the appealing party to order any transcript required for review. The pertinent subsections of the rule provide as follows:

"Rule 1911. Order for Transcript

"(a) General Rule. The appellant shall order any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time proscribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters) ...

"(d) Effect of failure to comply. If the appellant fails to take action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."

Therefore, it is the appellant's duty to order the necessary transcript and ascertain its presence in the record prior to certification for appeal. Pa.R.A.P. 1911, 1921, 1922; *Osellaine, supra; Commonwealth v. Lowry,* 385 Pa. Super. 236, 560 A.2d 781 (1989).

We are aware that under Pa.R.A.P. 1123, a statement by an appellant may be submitted to the appellate court in lieu of a transcript. In the present case, there is neither the transcript nor a statement in lieu thereof, and without such material a proper review and analysis of the claims by the appellant is impossible. The Superior Court has held that where a record is incomplete the issues that are not cognizable on appeal are deemed to have been waived. *Osellaine, supra; Lowry, supra.*

Because we are without a complete record to comprehend any of the appellant's claims, we believe that the appellant has waived all issues raised in this appeal. For the reasons set forth above, the defendant's appeal should be dismissed pursuant to Pa.R.A.P. 1911(d).