J-S34009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CORY FRANCIS WASIAKOWSKI, | |
| Appellant | No. 1361 MDA 2014 |

Appeal from the Judgment of Sentence July 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002782-2012

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2015**

Cory Francis Wasiakowski appeals from the judgment of sentence imposed by the trial court after it found him guilty of two counts of driving under the influence ("DUI").  We affirm.

Pennsylvania State Trooper Karri Dodson was on patrol in a marked police cruiser with her partner at approximately 11:00 p.m.  Trooper Dodson was in the passenger seat.  A truck traveling in the opposite direction crossed the center line as it negotiated a curve.  The troopers turned around and began to follow the vehicle. While following the vehicle, Trooper Dodson observed the operator of the truck drive in the middle of the roadway.  At that point, the officers activated the police vehicle's lights and sirens and effectuated a traffic stop.  Trooper Dodson testified that she and her partner

pulled the driver of the vehicle over because the truck had violated 75 Pa.C.S. § 3309, roadways laned for traffic, and possibly was DUI.

When Trooper Dodson approached and asked Appellant for his license and registration, he did not immediately respond. Trooper Dodson indicated that she instantly detected the odor of alcohol. Appellant's eyes were bloodshot and he failed field sobriety tests. Appellant was arrested and taken for a blood draw. Appellant's blood alcohol content ("BAC") was .281%.

Appellant litigated a suppression motion contesting the validity of the traffic stop. The suppression court determined that police had both probable cause and reasonable suspicion to stop his vehicle. The matter proceeded to a bench trial. The court found Appellant guilty of DUI--general impairment and DUI--highest rate. Thereafter, on July 21, 2014, the court sentenced Appellant to twelve months county intermediate punishment. This timely appeal ensued.[1] Appellant's sole issue on appeal is as follows.

> Whether the trial court erred in denying Wasiakowski's motion to suppress evidence where the results of a blood alcohol test and field sobriety testing were preceded by an unlawful stop and arrest in violation of Article I, § 8 of the Pennsylvania Constitution and the 4th and 14th Amendments to the United States Constitution.

---

[1] The trial court did not direct Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but indicated that the reasons for its suppression ruling could be elicited from its findings of fact and conclusions of law issued after the suppression hearing.

Appellant's brief at 2.

In evaluating a suppression ruling, we consider the evidence of the Commonwealth, as the prevailing party below, and any evidence of the defendant that is uncontradicted when examined in the context of the suppression record. *Commonwealth v. Sanders*, 42 A.3d 325, 330 (Pa.Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. *Id*.

Appellant argues that police effectuated a traffic stop without reasonable suspicion that he was driving under the influence or probable cause that he violated the Motor Vehicle Code by crossing over into another lane of traffic. He submits that "[t]here is no indication that [his] crossing of the center line was done unsafely[.]" Appellant's brief at 6. Appellant adds that he was "negotiating a curve in the roadway[,]" and that Trooper Dodson acknowledged that it is "common for cars to cross center lines when negotiating curves in a roadway." *Id*.

The Commonwealth responds that Appellant ignores the applicable standard of review. It contends that the suppression court determined that Appellant drove his truck over the center lane of traffic and police observed the vehicle drifting from lane to lane. Accordingly, it reasons that the court did not err in determining that police had reasonable suspicion to pull

Appellant over for suspicion of drunk driving and Appellant's violation of the vehicle code.

Instantly, Appellant has failed to ensure that the suppression court transcripts, with the court's findings of fact and conclusions of law contained therein, or the transcript of trial are in the certified record. The certified record does not contain an indication that Appellant requested these records be transcribed. Accordingly, Appellant's issues could be construed as waived. *See Commonwealth v. Osellanie*, 597 A.2d 130 (Pa.Super. 1991); *compare Commonwealth v. Williams*, 715 A.2d 1101, 1106 (Pa. 1998). However, these documents are contained in the reproduced record. While this Court generally may only consider facts that have been duly certified in record, *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974), where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it. *Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012). Thus, we have reviewed the transcripts and find that the trial court's legal conclusions are supported by its factual findings.

We add that there is a video recording of the incident, which is in the certified record. That video demonstrates that police witnessed Appellant driving in the middle of the roadway despite not traversing around a curve at that particular juncture. In addition, the recording depicts Appellant's vehicle crossing over the center lane on multiple other occasions. Thus,

police had probable cause to find that Appellant violated the Motor Vehicle Code by weaving between lanes.  Further, police had reasonable suspicion to conclude that Appellant was driving under the influence based on the same facts.  The court's suppression ruling was not in error.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015