J-S72039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERNESTO SALDANA, | : | |
| | : | |
| Appellant | : | No. 799 MDA 2016 |

Appeal from the Order Entered April 13, 2016,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0002999-2008

BEFORE:  GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 09, 2016**

Ernesto Saldana (Appellant) appeals *pro se* from the order of April 13, 2016, which denied his "Motion to Confirm Defendant is Not Required to Register Under [the Sex Offender Registration and Notification Act (SORNA)]."[1] We affirm.

In November of 2007, a minor female relative of Appellant disclosed that she had been sexually assaulted by him on more than one occasion.  On April 22, 2008, after an investigation into these claims, Appellant was arrested and charged with indecent assault - complainant less than 13 years of age and corruption of minors. On November 17, 2008, Appellant entered into a guilty plea to the indecent assault charge.  The crime of corruption of minors was *nolle prossed* by the Commonwealth.  Sentencing was postponed

---

[1] 42 Pa.C.S. § 9799.41.

*Retired Senior Judge assigned to the Superior Court.

pending a review by the Sexual Offender Assessment Board (SOAB). Once it was determined that Appellant did not meet the criteria for classification as a sexually violent predator, he was sentenced to an agreed-upon sentence of 23 months' incarceration followed by a consecutive term of two and one half years of probation. The following conditions of probation/parole applied: "sex offender conditions, Megan's Law, no contact [with] victim." Plea Agreement, 11/17/2008. Because the offense to which Appellant pled was enumerated under the version of Megan's Law in place at the time, Appellant was required to register for a period of ten years. 42 Pa.C.S. § 9795.1(b)(2). No post-sentence motion or direct appeal was filed.

Appellant was granted parole on February 19, 2009; however, he failed to attend a scheduled appointment on March 10, 2009 and, as a result, a bench warrant was issued and he was charged with the offense of failure to comply with registration of sexual offender requirements, 18 Pa.C.S. § 4915(a)(1).[2] This offense served as the basis for a parole violation. On March 26, 2010, Appellant was found to be in violation of his parole and was sentenced to serve the balance of his unserved incarceration, to be followed by the original two and one half year probationary term.

This pattern repeated itself in 2011, with Appellant failing to report for scheduled probation appointment and failing to maintain an approved

_____

[2] Appellant pled guilty to this offense on March 26, 2010, and was sentenced to a term of time served to 23 months' incarceration and a consecutive term of two years of probation.

residence for the purpose of Megan's Law compliance. Once more, Appellant was charged with failure to comply with registration of sexual offender requirements. On June 6, 2013, Appellant was found to be in violation of his parole in the instant case and was sentenced to a new two year term of probation.[3]

On December 20, 2011, the legislature enacted the Sex Offender Registration and Notification Act (SORNA). **See** 42 Pa.C.S. § 9799.41. SORNA became effective on December 20, 2012 and, *inter alia*, increased the registration period for those convicted of indecent assault - complainant less than 13 years of age from ten years to lifetime registration. Because he was under parole supervision at the time SORNA went into effect, Appellant was subject to the new registration provisions. 42 Pa.C.S. § 9799.13(3)(i) and (3.1)(i)(C).

On February 24, 2016, Appellant filed *pro se* a motion[4] seeking to enforce the terms of his plea agreement in which he contended that the

---

[3] On that same date, Appellant was found to be in violation of his parole at another case and also pled guilty to the new failure to comply with registration of sexual offender requirements offense. His aggregate sentence on these two matters and the instant case is three to six years' incarceration.

[4] Although, generally, established practice in Pennsylvania requires a trial court to consider all petitions for post-conviction relief under the Post-Conviction Relief Act, the trial court was correct in not treating the instant petition as an untimely-filed PCRA. The PCRA "is not intended . . . to provide relief from collateral consequences of a criminal conviction." 42 Pa.C.S. § 9542. **See Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa.

increased registration time required by SORNA violated the terms of his guilty plea agreement because he had specifically bargained for a ten-year registration period. The Commonwealth filed a response and, on April 13, 2016, the trial court denied Appellant's motion. This timely-filed appeal followed.

On appeal, Appellant appears to argue that the trial court erred in denying his motion because he only agreed to a ten-year Megan's Law registration period at the time of his plea; thus, imposition of a lifetime registration violates the terms of his plea agreement. Appellant's Brief at 1-3. In considering this issue, we apply the following principles. "[E]ven though a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." **Commonwealth v. Hainesworth**, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*) (citations omitted).[5]

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decisions. However, we are bound by the trial court's credibility determinations.

---

Super. 2014) (finding appellant's petition seeking to enforce plea agreement and preclude application of SORNA amendments not a PCRA petition).

[5] On September 28, 2016, our Supreme Court approved of **Hainesworth** in **Commonwealth v. Martinez**, 2016 WL 5480682 (Pa. Sept. 28, 2016).

- 4 -

*Calabrese v. Zeager*, 976 A.2d 1151, 1154 (Pa. Super. 2009) (citations omitted).

Parties must state the terms of a plea agreement on the record and in the presence of the defendant. Pa.R.Crim.P. 590(B)(1). "If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Hainesworth,* 82 A.3d at 449 (citation omitted). "The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to-and seek enforcement of-terms that fall outside these areas." *Id.* (citation omitted). Because plea bargaining is such an integral part of our criminal justice system, specific enforcement of valid plea bargains is a matter of fundamental fairness. *Commonwealth v. Mebane*, 58 A.3d 1243, 1249 (Pa. Super. 2012).

> [D]isputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.
>
> Any ambiguities in the terms of the plea agreement will be construed against the Government.

*Commonwealth v. Kroh,* 654 A.2d 1168, 1172 (Pa. Super. 1995) (citations omitted).

In *Hainesworth,* an *en banc* panel of this Court was asked to consider whether retroactive application of the SORNA registration requirements breached the terms of Hainesworth's plea agreement. *Hainesworth*, 82

A.3d at 446-47. Applying the contract principles outlined above, the ***Hainesworth*** Court concluded that the trial court did not err in ordering specific enforcement of Hainesworth's plea bargain. ***Id.*** at 447. In upholding the trial court's determination, the Court found significant the terms of the plea bargain, which required the Commonwealth to withdraw all charges carrying a Megan's Law registration requirement, and the Commonwealth's repeated assurances during the plea process that it was not seeking registration. ***Id.*** at 445-48. Accordingly, the Court determined that the objective evidence of record supported the conclusion that the parties had negotiated an agreement that would not require Hainesworth to register as a sex offender; thus, imposition of a registration requirement based on a subsequent change in law, would breach that agreement. ***Id.*** at 450.

At the outset, we note that Appellant has failed to meet his burden of providing this Court with a complete record; specifically, he has failed to order the transcripts of his guilty plea and sentencing hearings, in violation of Pa.R.A.P. 1911. Accordingly, "we are limited to considering only those facts which have been duly certified in the record on appeal." ***Commonwealth v. Osellanie,*** 597 A.2d 130, 131 (Pa. Super. 1991).

The certified record before us reveals that, under the terms of his plea agreement, the Commonwealth *nolle prossed* the charge of corruption of minors in exchange for a plea to indecent assault - complainant under 13 years of age.

At the time of Appellant's guilty plea, the charge of corruption of minors, 18 Pa.C.S. § 6301(a)(1), was not a predicate offense for registration under Megan's Law. *See Commonwealth v. Bundy*, 96 A.3d 390, 392 n.3 & 5 (Pa. Super. 2014). However, the offense of indecent assault - complainant under 13 years of age carried a ten-year registration period. Simply stated, the agreement negotiated herein resulted in the *nolle pros* of an offense that did not carry a registration period, and a plea of guilty to an offense that did. Thus, there is nothing in the certified record to support Appellant's claim that his agreement was similar to that upheld in *Hainesworth.*

Moreover, the record is devoid of any negotiation as to a specific term of registration. As the trial court explained, "[a]lthough the parties agreed at sentencing that Megan's Law required [Appellant] to register for a ten-year period, this was simply not a negotiated term of the plea agreement," noting that the written plea agreement form presented in this case set forth the condition of "Megan's Law" with no specific term attached. Trial Court Opinion, 5/23/2016, at 8. We agree with the court's analysis and hold that Appellant has failed to convince us that the ten-year Megan's Law registration period was an essential term of the agreement negotiated between Appellant and the Commonwealth. Accordingly, we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016