J-A05043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALEAK J. HAINES | : | |
| | : | |
| Appellant | : | No. 133 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005616-2018

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED APRIL 25, 2024**

Maleak J. Haines ("Haines") appeals from the judgment of sentence imposed following the revocation of his probation. We affirm.

We briefly summarize the relevant factual and procedural history of this case as follows. In 2018, the trial court accepted Haines' negotiated guilty plea to aggravated assault and possession of an instrument of crime ("PIC"),[1] for physically assaulting Tyriqua Washington, the mother of his five-year old daughter, by stabbing her with a screwdriver and hitting her with a hammer. *See* N.T., 11/22/21, at 3-4, 28. Pursuant to the plea agreement, the trial court sentenced Haines to nine to twenty-three months of imprisonment followed by five years of reporting probation with a domestic violence condition for aggravated assault, and imposed a concurrent sentence of nine to twenty-three months followed by three years' probation to be supervised

_____

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(4), 907(a).

by the domestic violence unit of the probation department for PIC.[2] *Id*. at 3-4.  In October 2019, the trial court granted Haines' petition for early parole.

While on parole and probation, Haines appeared before the trial court several times for persistent violations.[3] *See id*. at 4.  After each hearing, the trial court permitted Haines' parole and probation to continue.  However, in December 2020, based on allegations that Haines was physically abusing his wife, Safira Haines ("Mrs. Haines"), the court issued a probation detainer and set a violation of probation ("VOP") hearing for January 25, 2021.  At the conclusion of the January 25, 2021 VOP hearing, the trial court found Haines in technical violation of his probation based on the abuse allegations, continued his probation, and ordered him to have no-negative contact with Mrs. Haines.  *Id*. at 4-5.  Haines did not file a post-sentence motion or appeal the January 25, 2021 sentencing order.

In August 2021, the probation department advised the trial court that [Haines] was violating the [January 25, 2021] no-negative contact order and was abusing [Mrs.] Haines.  *Id*. at 5.  The trial court conducted a VOP hearing on November 22, 2021 at which Mrs. Haines testified via telephone. The trial court found Mrs. Haines testimony credible that Haines had physically abused

---

[2] The maximum sentence for a conviction graded as a second-degree felony, such as the aggravated assault conviction herein, is ten years' imprisonment. *See* 18 Pa.C.S.A. § 1103(2).  The maximum sentence for a conviction graded as a misdemeanor of the first degree, such as the PIC conviction herein, is five years' imprisonment.  *See* 18 Pa.C.S.A. § 1104(1).

[3] To address Haines' repeated violations, the trial court ordered him to appear for status hearings on December 10, 2019, March 20, 2020, and July 14, 2020.

her multiple times since January 25, 2021, while she was pregnant. The abuse included Haines frequently shooting her with a BB gun, beating her with a wooden hanger until it broke, punching her in the face so hard that her nose fractured, and intentionally crashing a car while she was a passenger in it. *Id*. at 8-21, 23-24. The trial court also found as credible Mrs. Haines' testimony regarding a particular incident in which Haines shot her big left toe with the BB gun in April 2021, requiring a pellet to be removed at a medical center. *Id*. at 11, 13, 19, 21. In addition, the Commonwealth introduced photographic evidence of Mrs. Haines' injuries and her medical records documenting the injuries. At the conclusion of the hearing, the trial court found Haines in violation of the no-negative contact condition of his probation, revoked his probation, and resentenced him to two and one-half to five years' imprisonment for aggravated assault, with no further penalty for PIC. *Id*. at 24-25, 27.

Haines timely filed a motion to reconsider his VOP sentence, which was denied by operation of law. Haines did not initially appeal his VOP sentence. However, upon filing a timely petition pursuant to the Post-Conviction Relief Act ("PCRA")[4] Haines' direct appeal rights were reinstated *nunc pro tunc*. Haines thereafter timely appealed from the VOP judgment of sentence. Both Haines and the trial court complied with Pa.R.A.P. 1925.

Haines raises the following issues for our review:

_____

[4] *See* 42 Pa.C.S.A. §§ 9541-9546.

1. Whether the evidence was sufficient as a matter of law to make a determination that [Haines] was in technical violation of the terms and conditions of his probation, since the "no[-]negative contact" order added as a term of [Haines] probation at the January 25, 2021 revocation hearing was improper and unenforceable, as no evidence of any violation was presented at that hearing to allow an amendment to the original probation conditions, and the Commonwealth failed to establish [Haines] violated any legitimate conditions of his probation during the November 21, 2021 revocation hearing, because the [trial] court did not have authority or legal basis to add additional conditions at the January 25, 2021 revocation hearing.

2. Whether the sentencing court abused [its] discretion by imposing a sentence after a technical probation violation that was not based upon the gravity of the violation, the extent of [Haines] record, his prospect of rehabilitation, nor an assessment of the mitigating and aggravating factors as noted in 42 Pa. C.S.[A.] [§[ 9721 of the Sentencing Code.

Haines' Brief at 7 (issues reordered for ease of disposition).

In his first issue, Haines purports to challenge the sufficiency of the evidence supporting the revocation of his probation. However, Haines' sufficiency challenge is premised entirely on his assertion that the trial court lacked the statutory authority to impose the no-negative contact condition of his probation following the January 25, 2021 VOP hearing.[5]

---

[5] The fact that Haines did not file a post-sentence motion from or seek to appeal the January 25, 2021 sentencing order does not preclude our review of his issue, as a claim challenging the legality of a sentence, cannot be waived. **See Commonwealth v. Tustin**, 888 A.2d 843 (Pa. Super. 2005) (holding that failure to file a post-sentence motion does not result in waiver of a legality of sentencing claim on appeal); **see also Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005) (holding that a challenge to the legality of sentence is never waived so long as the court has jurisdiction to address the claim).

- 4 -

Importantly, [a]n appeal challenging the statutory authority of the trial court to modify the conditions of probation presents a question of law regarding the legality of the sentence, and thus our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Whatley**, 221 A.3d 651, 653 (Pa. Super. 2019) (holding that if no statutory authorization exists for a particular condition of a probationary sentence, the sentence is illegal and subject to correction); **cf. Commonwealth v. Concordia**, 97 A.3d 366, 373 (Pa. Super. 2014) (distinguishing a legality of sentence challenge to probation raised in a Post Conviction Relief Act petition and holding that such a claim must be raised in the petition). An order placing a defendant on probation is not a judgment of sentence as that term is construed for the purposes of procedure. **See Commonwealth v. Nicely**, 638 A.2d 213, 216-17 (Pa. 1994). Rather, a probation order is conditional by its very nature and permits a court to alter its terms at any time. **Id**.

Pursuant to 42 Pa.C.S.A. § 9771:

(a) General rule. — **The court has inherent power to at any time** terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or **increase the conditions under which an order of probation has been imposed upon a finding that a person presents an identifiable threat to public safety**.

\* \* \* \*

(d) Hearing required. — **There shall be no** revocation or **increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on**

> ***probation***. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771(a), (d). (emphasis added).

Haines argues that the trial court lacked statutory authority to impose the no-negative contact condition of his probation at the conclusion of the January 25, 2021 hearing. According to Haines, the trial court "had no evidence to make a finding that [he] presented an identifiable threat to public safety," because the only evidence presented by the Commonwealth at that hearing was "the testimony of Mrs. Haines, and she vehemently denied that [Haines] ever physically assaulted or abused her." Haines' Brief at 16. Haines maintains that, without any evidence to establish that he was an identifiable threat to public safety, the trial court had no legal authority to increase or add a new condition to his probation pursuant to section 9771(a). On this basis, Haines argues that the no-negative contact condition was a "legal nullity." ***Id***. at 17. Applying this reasoning, Haines asserts that he could not have been found in violation of an illegal condition of his probation.

Instantly, on January 25, 2021, the trial court held the required hearing pursuant to section 9771(d) before it imposed the no-negative contact condition to Haines' probation. However, the transcript of that hearing is not included in the certified record. As the appellant in this matter, it was Haines' responsibility to order the transcript for the January 25, 2021 hearing and to ensure that the transcript was included in the certified record. ***See*** Pa.R.A.P. 1911(a). We have repeatedly held that our appellate review is limited to those facts which are contained in the certified record. ***See Commonwealth v.***

- 6 -

*O'Black*, 897 A.2d 1234, 1240 (Pa. Super. 2006). Materials which are not contained in the certified record cannot be considered by an appellate court in its review of the issues. *See Commonwealth v. Lowry*, 560 A.2d 781, 785-86 (Pa. Super. 1989). In this case, because the transcript for the January 25, 2021 hearing is not contained in the certified record, it does not exist for purposes of our review. *See O'Black*, 897 A.2d at 1240. Thus, we may not consider Haines' unsupported arguments regarding evidence or testimony which may have been presented at that hearing.

Nevertheless, we do have the benefit of the trial court's assurance that, following the January 25, 2021 hearing, the court specifically determined that Haines presented an identifiable threat to public safety. *See* Trial Court Opinion, 2/23/23, at 9 (explaining that, "at [the January 25, 2021] hearing, [the court] used all the professional knowledge the judge had acquire[d] in nearly three decades on the [b]ench to determine that [Haines] was clearly an identifiable threat to public safety, specifically to the safety of Mrs. Haines"). Thus, on the record before us, the trial court properly exercised its inherent power to increase Haines' probation conditions pursuant to section 9771(a) when imposing the no-negative contact condition. Accordingly, given our determination that the trial court did not exceed its statutory authority

when imposing the no-negative contact condition, Haines' first issue merits no relief.[6]

In his second issue, Haines challenges the discretionary aspects of his sentence. The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence. **Id**. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

---

[6] Mindful that Haines purported to raise a sufficiency challenge, we note that he has not developed any argument in his brief that the evidence presented at the November 22, 2021 hearing was insufficient to support a finding that he violated the no-negative contact condition of his probation. **See** Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal along with citation of authorities as are deemed pertinent); **see also Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (holding that arguments which fail to adhere to our appellate rules may be considered waived, and arguments which are not appropriately developed are waived). Moreover, Haines conceded that, had the no-negative contact condition been properly imposed, the testimony provided by Mrs. Haines at the November 22, 2021 hearing "is arguably enough to find [him]in technical violation of his probation." Haines' Brief at 16. Thus, any genuine sufficiency challenge is waived.

Here, Haines filed a timely notice of appeal, and he preserved discretionary sentencing issue in his post-sentence motion. He has also set forth a Rule 2119(f) statement in his appellate brief. Therein, Haines claims that, when imposing his revocation sentence, the trial court failed to consider the appropriate sentencing factors set forth in 42 Pa.C.S.A. § 9721(b). **See** Haines' Brief at 8. We conclude that Haines has raised a substantial question for our review. **See Commonwealth v. Derry**, 150 A.3d 987, 995 (Pa. Super. 2016) (holding that a claim that the VOP court failed to consider the section 9721(b) factors presents a substantial question for our review). Accordingly, we will address the merits of Haines' discretionary sentencing claim.

Our standard of review of a probation revocation sentence is well-settled. Because [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, we will not disturb a revocation sentence on appeal unless we determine the trial court abused that discretion. **See Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa. Super. 2014). An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Id**.

When imposing a probation revocation sentence, the trial court must follow the general principle that the sentence be "consistent with the protection of the public, the gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Additionally,

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. [*See*] 42 Pa.C.S.[A.] § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned[;] or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.[A.] § 9771(c).

*Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (footnote omitted).

In all cases where the trial court resentences an offender following revocation of probation, the trial court must place its reasons for the sentence on the record. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-41 (Pa. Super. 2013). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282-83 (Pa. Super. 2010).

[S]entencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. *See Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001). Instead, a VOP sentencing court is limited

only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *See Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014). The rationale for this difference is that a "convicted defendant released into the community under such control of the sentencing judge, who violates the terms of his release[,] thereby betrays the judge's trust." *Commonwealth v. Reaves*, 923 A.2d 1119, 1131 n.12 (Pa. 2007). Further, "since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." *Pasture*, 107 A.3d at 28; *see also Commonwealth v. Presley*, 193 A.3d 436, 446-47 (Pa. Super. 2018).

Haines contends that the VOP court abused its discretion by imposing an excessive sentence without considering the factors set forth in section 9721(b). Haines' Brief at 14-15. Specifically, Haines asserts that the trial court failed to consider the gravity of the violation as it relates to the community and his rehabilitative needs. Haines claims that the trial court only considered the testimony of Mrs. Haines regarding the incidents and the nature of the violation. Haines argues that the trial court did not state any findings upon which the imposition of sentence was based. Haines points out that he had no new arrests or convictions, was reporting as directed, provided documentation of employment, completed all required programs while incarcerated, and had negative drug screens. According to Haines, when imposing his revocation sentence, the trial court ignored Haines' compliance

with the terms and conditions of his probation and disregarded his redeeming characteristics.[7]

Based on our review, we discern no abuse of discretion by the trial court when resentencing Haines to a period of total confinement for two and one-half to five years imprisonment upon revocation of his probation. The trial court heard ample testimony and evidence that Haines repeatedly violated the no-negative condition of his probation by physically abusing his pregnant wife, frequently shooting her with a BB gun causing a pellet to lodge in her toe, beating her with a wooden hanger until it broke, punching her in the face so hard that her nose fractured, and intentionally crashing a car while she was a passenger in it. *See* N.T., 11/22/21, at 8-21; *see* also Trial Court Opinion, 2/23/23, at unnumbered 3-6.

Further, the trial court provided its reasons for imposing the revocation sentence on the record at the VOP hearing:

> [Haines'] probation is revoked. [Haines'] new sentence on the aggravated assault is two and a half to five years in state prison. No further penalty on the [PIC] with credit for time served . . .. The maximum possible sentence is ten years. This sentence of two and a half to five in state prison takes into consideration other time in custody before today's date.
>
> * * * *

---

[7] Haines additionally argues that all but one of the alleged incidents occurred ***prior*** to the imposition of the no-negative contact order in January 2021. However, the record reflects that Mrs. Haines testified that each of the alleged incidents occurred ***after*** the no-negative contact provision had been imposed. ***See*** N.T., 11/22/21, at 9-11, 13-15, 20-21 (wherein Mrs. Haines testified that the alleged incidents occurred in April 2021, June 2021, and August 2021).

- 12 -

> For the record, this sentence is absolutely necessary because [Haines] is a repeated batterer. He is a person who has total disrespect for the women who've been around him and he has total disrespect for this [trial] court. He has not successfully completed any of the anger management sessions that would assist him in treating the women around him with respect and courtesy. [Haines] came before me originally for having beat on the mother of his five-year-old daughter. When [Haines] came back with M[rs.] Haines and indicated he was a changed man, . . . I told [Haines] to keep his hands off his new wife. . . . [Mrs. Haines'] testimony has the ring of truth about what was really happening in their relationship and that's who [Haines] is. . . . [H]opefully this trip to state prison will assist [Haines] in understanding that he has a problem with anger management and his treatment of women.

N.T., 11/22/21, at 27-29.

Based on our review, we conclude that the record as a whole reflects that the trial court carefully considered the section 9721(b) factors when imposing its revocation sentence, including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Haines' rehabilitative needs. The trial court was familiar with Haines, as he had appeared before the court on multiple occasions and the court knew of his criminal history. The court specifically noted on the record that Haines is a serial batterer because he was previously convicted of beating the mother of his minor daughter and, while on probation for that offense, repeatedly physically abused and assaulted Mrs. Haines. While Mrs. Haines did not press charges and no conviction resulted from Haines' most recent abuses, the record is clear that a sentence of total confinement was justified since Haines' conduct indicated that he was likely to commit another crime if he was not imprisoned. *See* 42 Pa.C.S.A. §

9771(c). At a minimum, the record reflects that a sentence of total confinement for Haines was necessary to vindicate the trial court's authority. *Id*.

Thus, as we discern no abuse of discretion by the trial court in sentencing Haines to two and one-half to five years' imprisonment for aggravated assault based on violations of the no-negative contact condition of his probation, he is not entitled to relief on his second issue. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2024

- 14 -