J-S75005-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WRIGHT | : | |
| | : | |
| Appellant | : | No. 119 WDA 2017 |

Appeal from the PCRA Order December 13, 2016
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000779-2011

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    FILED FEBRUARY 05, 2018

Appellant, Michael Wright, appeals from the order denying his petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history of this

case as follows:

> On February 4, 2011, a criminal complaint was filed charging
> [Appellant] with various offenses related to drugs found after a
> search warrant[] was executed at [Appellant's] residence. On
> May 24, 2011, [Appellant] joined the suppression motion of his
> co-defendant, Ashley Harris, in an attempt to exclude the
> evidence found during the search.[1] A hearing on the
> suppression motions was held before Judge Pozonsky on August
> 25, 2011. At this hearing, Judge Pozonsky insisted that the
> cocaine evidence obtained during the search of [Appellant's]
> residence be brought into the courtroom by Pennsylvania State
> Trooper Duval despite both the Assistant District Attorney and
> defense counsel agreeing there was no dispute that it was in fact
> cocaine and only the validity of the initial search warrant was at
> issue. This request by Judge Pozonsky, and similar conduct in

other cases, were a catalyst of the investigation into evidence tampering by Judge Pozonsky that ended with his resignation from the bench in July of 2012 and subsequent conviction of the crimes of Obstructing the Administration of Law, Theft by Unlawful Taking, and Misapplication of Entrusted Property on March 20, 2015.

> [1] At this time, [Appellant] was represented by private attorney Noah Geary.

[Appellant's] motion to suppress was denied by Judge Pozonsky on November 3, 2011. Trial was first set for November 28, 2011. [Appellant] was granted a continuance to file another suppression motion on November 14, 2011. [Appellant] filed a Motion to Suppress arguing lack of probable cause for the search warrant on February 23, 2012. Judge Pozonsky was removed from hearing any criminal cases in May of 2012 and this case was then transferred to the undersigned. A hearing was scheduled for the suppression motion on June 16, 2012 by this [c]ourt but continued to September 21, 2012 by new counsel hired by [Appellant].

Before the disposition of the suppression motion, [Appellant] entered into a plea agreement which this [c]ourt accepted on September 5, 2013. [Appellant] faced a long jail sentence stemming from multiple charges under three different cases including a seven year mandatory sentence under case 779 of 2011.[2] 18 Pa. C.S.A. 7508 (a)(3)(iii). [Appellant] ultimately received a very favorable plea deal of a negotiated sentence for a period of five to ten years for the crime of Manufacture, Delivery or Possession With Intent to Manufacture or Deliver in violation of 35 [P.S.] 780-113 (A)(30)(2) [sic] and a concurrent sentence of five to ten years for the crime of Criminal Conspiracy to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver in Violation of 18 Pa. C.S.A. 903. The Commonwealth did not seek the mandatories in light of the plea deal, all other charges [Appellant] plead guilty to under 570 of 2012 and 487 of 2012 would run concurrent, and [Appellant] was allowed to enroll in the Recidivism Risk Reduction Incentive ("RRRI") program further reducing his sentence from 60 months to 50 months.

> [2] [Appellant's] plea deal encompassed the following three cases and respective charges: (1) 779 of 2011

charged [Appellant] with violations of 35 [P.S.] 780-113 (A)(16;30; and 32) and 18 Pa. C.S.A. 903; (2) 570 of 2012 charged violations of 35 [P.S.] 780-113 (A)(16;30; and 32) and 75 Pa. C.S.A. 1543 (A); and (3) 487 of 2012 charged violations of 35 [P.S.] 780-113 (A)(31), 75 Pa. C.S.A. 3802 (D)(1), 75 Pa. C.S.A. 1543 (A), 75 Pa. C.S.A. 1786 (F), 75 Pa. C.S.A. 1301 (A), and 75 Pa. C.S.A. 4703 (A).

On May 21, 2015, [Appellant] filed a Pro Se Petition for Post-Conviction Relief ("PCRA") and a Petition to Proceed In Forma Pauperis. This [c]ourt Granted the Petition to Proceed In Forma Pauperis and appointed Renee Colbert as PCRA counsel the following day. [Appellant], through PCRA counsel, filed an Amended PCRA on June 6, 2016 alleging ineffective assistance of trial counsel and the unavailability at the time of trial of exculpatory evidence that has since become available. The basis for [Appellant's] claims in the PCRA stem from Judge Pozonsky confiscating cocaine evidence from cases on his docket and abusing it during the time Pozonsky was assigned to [Appellant's] case including cocaine evidence seized in [Appellant's] case.

A hearing on the Amended PCRA was held before this [c]ourt on November 9, 2016. [Appellant] testified and introduced several exhibits to prove the claims of his PCRA. The Commonwealth, represented by Assistant District Attorney Jerry Moschetta, raised the issue of timeliness in regards to the PCRA and brought forth [Appellant's] attorney at the time he plead guilty, Blaine Jones, to support the argument. This [c]ourt denied the PCRA on December 13, 2016[,] finding that the [c]ourt lacked jurisdiction as the PCRA was not timely filed. [Appellant] timely appealed the Order denying his PCRA on January 12, 2017.[1]

PCRA Court Opinion, 3/27/17, at 1-3 (internal citations omitted).

Appellant presents the following issues for our review:

_____

[1] The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement.

> I.     Whether the PCRA Petition was timely filed within one year after Appellant knew of the Pretrial Judge's criminal conviction; or,
>
> II.    Whether the PCRA Petition that was filed more than one year after sentencing falls within an exception to the one-year filing requirement.

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. Commonwealth v. Phillips, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Id.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). Hernandez, 79 A.3d at 652.

Our review of the record reflects that Appellant was sentenced on September 5, 2013. Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days after the

_____

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

imposition of sentence, when the time allowed for filing a direct appeal expired. See 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903 ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, for purposes of section 9545, Appellant's judgment of sentence became final on October 7, 2013.[3] See Commonwealth v. Zuniga, 772 A.2d 1028, 1030 (Pa. Super. 2001) (the appellant's judgment of sentence became final thirty days after the imposition of sentence). Therefore, Appellant had to file the current PCRA petition within one year, or by October 7, 2014, in order for it to be timely. Appellant did not file the instant PCRA petition until May 21, 2015. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file

_____

[3] We note that because October 5, 2013, fell on a Saturday, Appellant had until October 7, 2013, to file his motion. See 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); Commonwealth v. Green, 862 A.2d 613, 618 (Pa. Super. 2004).

his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant first argues that his PCRA petition was timely as it was filed within one year after Appellant knew of Judge Pozonsky's subsequent criminal conviction. Appellant's Brief at 2-3. Such assertion implicates the newly discovered-facts exception under 42 Pa.C.S. § 9545(b)(1)(ii). As outlined above, however, in order to be timely, a PCRA petition must be filed within one year of the judgment of sentence becoming final, and within sixty days of discovery of information pursuant to the newly discovered-evidence exception under Section 9545(b)(1)(ii). Thus, even if we presumed that Appellant's claim met the requirements of this exception, such filing would need to occur within sixty days of discovering the new fact and not one year as asserted by Appellant, in order to be timely.

In his second issue, Appellant argues that his petition meets the requirements of the newly discovered-facts exception, under 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 2-3. Appellant asserts that "the filing requirement should be based upon actual knowledge and not upon any obligation to investigat[e] and acquire knowledge of the Pretrial Judge's illegal actions prejudicing his suppression." Id. at 2-3. Appellant maintains

that Judge Pozonsky was convicted on July 13, 2015,[4] and that Appellant promptly filed the PCRA petition on May 21, 2015. Id. at 3. Accordingly, Appellant maintains that the current appeal is appropriate for review. Id.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

Commonwealth v. Brown, 111 A.3d 171, 176 (Pa. Super. 2015) (internal citations omitted). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. Commonwealth v. Fahy, 959 A.2d 312, 315 (Pa. 2008).

A review of the record reflects that the PCRA court dismissed Appellant's petition on the basis of testimony provided at the November 9, 2016 PCRA hearing. The PCRA court concluded that the evidence from that hearing established that Appellant was aware of Judge Pozonsky's judicial impropriety prior to Appellant entering his guilty plea. PCRA Court Opinion

_____

[4] The PCRA court's opinion indicates that Judge Pozonsky was convicted of the referenced crimes on March 20, 2015. PCRA Court Opinion, 3/27/17, at 2.

Dismissing Appellant's PCRA Petition, 12/13/16, at 2-3. Thus, the evidence did not meet the requirement for the newly discovered-facts exception. Id.

A review of the certified record, however, reveals that the November 9, 2016 PCRA hearing transcript is not included. There is no indication in the record that Appellant requested the transcript for this hearing. Moreover, the PCRA court stated in its Pa.R.A.P. 1925(a) opinion: "This [c]ourt first notes the lack of a transcript ordered by [Appellant] in relation to this appeal." PCRA Court Opinion, 3/27/17, at 4.

> [T]he Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts.

Commonwealth v. Preston, 904 A.2d 1, 7 (Pa. Super. 2006) (some internal citations omitted).

We note that the PCRA court had granted Appellant permission to proceed in forma pauperis ("IFP"). This status, however, does not absolve Appellant of his responsibility to make necessary transcripts part of the record.

> Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems necessary to prosecute his appeal. The plain terms of the

> Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record.

Commonwealth v. Lesko, 15 A.3d 345, 410 (Pa. 2011).

Given the PCRA court's ruling based on evidence presented at the PCRA hearing, adequate appellate review is not possible without such crucial testimony. As explained, "[w]hen the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." Commonwealth v. Houck, 102 A.3d 443, 456 (Pa. Super. 2014). "We are limited to considering only those facts which have been duly certified in the record on appeal." Commonwealth v. Osellanie, 597 A.2d 130, 131 (Pa. Super. 1991). "[I]t is not the responsibility of this court to obtain a copy of [a] transcript for the purposes of reviewing the client's claims." Id. at 132. Accordingly, we must conclude that Appellant's claims have been waived.

Even if Appellant's claims were not waived, we would conclude that he failed to meet the requirements of the newly discovered-facts exception to the PCRA time-bar. Appellant asserts that he filed the instant PCRA petition after learning of Judge Pozonsky's conviction. Appellant's Brief at 3. Appellant fails, however, to demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Brown, 111 A.3d at 176. As noted, "[a]

petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." Id. Indeed, the PCRA court stated the following with regard to the evidence of record:

> [T]he record shows that [Appellant] was aware of the facts underlying his claim of judicial impropriety before the time limit for filing the PCRA passed. [Appellant] himself was present at the suppression hearing where Pozonsky requested a trooper to bring the cocaine evidence into the courtroom on August 25, 2011. [Appellant] said he believed he learned in late 2012 or early 2013 when asked when he became aware that the cocaine evidence in his case also formed the basis for Pozonsky's criminal conviction. [Appellant] was interviewed by the state police concerning his case in relation to Pozonsky's criminal charges before Pozonsky was charged. [Appellant's] counsel at the time he plead guilty, Blaine Jones, testified that he and [Appellant] discussed how the evidence in [Appellant's] case was tampered with by Judge Pozonsky before accepting a Guilty Plea. Furthermore, Pozonsky was charged on May 23, 2013 which was almost four months before [Appellant] entered his Guilty Plea.

PCRA Court Opinion, 3/27/17, at 5. Thus, had Appellant's claim not been waived for his failure to provide the November 9, 2016 PCRA hearing transcript, we would deem his petition untimely as it failed to meet the newly discovered-facts exception to the PCRA time-bar.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007)

- 11 -

("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/05/2018