J-S13024-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JASON BURCH | : | |
| Appellant | : | No. 1143 WDA 2017 |

Appeal from the Judgment of Sentence Entered May 10, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0001655-2016

BEFORE:   GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                              FILED MAY 10, 2018

Appellant, Jason Burch, appeals from the judgment of sentence[1] entered following his convictions of two counts each of possession of a controlled substance with intent to deliver ("PWID"), simple possession of a controlled substance, and one count of possession of drug paraphernalia.[2]  We affirm.

The trial court summarized the history of this case as follows:

Testimony at trial indicated that on August 17, 2016, [Appellant] boarded a New York City bound Amtrak train in Pittsburgh,

_____

[1] Although Appellant purported to appeal from the July 5, 2017 order denying his post-sentence motions, the appeal properly lies from the judgment of sentence entered on May 10, 2017.   We have corrected the caption accordingly.   See Commonwealth v. Shamberger, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (explaining that in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions).

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

Pennsylvania.  Trial Transcript, 4/20/17, p. 5-6.  Ed Stapleton ("Stapleton"), the conductor on the train, took Burch's ticket in Pittsburgh and noticed he appeared groggy and tired.  T.T., 4/20/17, p. 6, 11. 14-25.  According to Stapleton, [Appellant] slept from Pittsburgh to Johnstown and snored very loudly.  T.T., 4/20/11, pp. 7-8.  When the train reached Johnstown, [Appellant's] stop according to his ticket, Stapleton attempted to awaken him.  T.T., 4/20/17, p. 8, 11. 4-23.  As all his attempts were in vain and [Appellant] remained motionless, Stapleton radioed the engineer of the train and asked him to summon help by contacting emergency medical services.  T.T., 4/20/17, p. 8, 11. 17-25.  The engineer on the train was also a volunteer firefighter and EMT so he came to assist Stapleton.  T.T., 4/20/17, p. 9, 11. 1-3.  When the two men attempted to sit [Appellant] up to improve his breathing, a bag of some sort fell from his person.  T.T., 4/20/17, p. 9, 11. 10-13.  During the trip from Pittsburgh to Johnstown, Stapleton observed that [Appellant] never left his seat.  T.T., 4/20/17, p. 10 11. 19-23.  Stapleton also testified that the train is cleaned every night before it departs [from] Pittsburgh and takes on passengers.  T.T., 4/20/17, p. 11, 11. 4-9.  Jacob Berkey ("Berkey"), the first EMT to arrive on scene found a black cup with an unknown substance in it at [Appellant's] feet.  T.T., 3/29/17, p. 17, 11. 2-4.  Berkey indicated that he handed the cup to Johnstown Police Officer Larry Woodard ("Woodard") when he arrived on scene moments later and told the officer where he found it.  T.T., 3/29/17, p. 19, 11. 12-18.

When Woodard arrived on scene he was handed a black cup by EMS personnel that contained several knotted plastic baggies.  T.T., 3/29/17, p. 26, 11. 15-17.  Woodard immediately recognized the contents of the baggies to be suspected crack cocaine and heroin.  T.T., 3/29/17, p. 26, 11. 15-17.  After [Appellant] was safely off the train Woodard looked around to see if anyone else was sitting by [Appellant] and did not see anyone behind; or close to him; additionally, no one indicated they were with [Appellant] when [Woodard] asked surrounding passengers.  T.T., 3/29/17, p. 26, 11. 22-25, p. 27, 11. 1-2.

Later at the hospital, upon being given [Appellant's] clothes by a nurse, Woodard was able to identify the man as [Appellant] by a Pennsylvania ID Card.  T.T., 3/29/17, p. 27, 11. 8-14, 19-21.  He also recovered three cell phones from [Appellant's] pockets and an Amtrak train ticket.  T.T., 3/29/17, p. 27, 11. 19-21.  The ticket was for a one-way trip from Pittsburgh to

- 2 -

Johnstown.  T.T., 3/29/17. P. 28, 11. 19-22.  Detective Larry Wagner ("Wagner") a retired officer with the Johnstown Police Department testified that the items found within the black cup were sent to the Pennsylvania State Police lab.  T.T., 3/29/17, p. 50, 11. 11-16.  Keri Harkleroad, a forensic scientist in the drug identification section of the Pennsylvania State Police testified that the substances in the cup tested positive for heroin, cocaine hydrochloride (powder) and cocaine base (crack).  T.T., 3/29/17, pp. 62-68, Commonwealth Ex. 10.

Trial Court Opinion, 7/5/17, at 1-3.

Appellant was charged with multiple offenses in relation to the incident that occurred on August 17, 2016.  On November 1, 2016, Appellant filed a motion to suppress evidence, which the trial court granted in part and denied in part on December 21, 2016.  At the conclusion of a nonjury trial held on March 29, 2017 and April 20, 2017, Appellant was convicted of the crimes set forth above.  On May 10, 2017, the trial court sentenced Appellant to serve an aggregate term of incarceration of thirty-three to sixty-six months, to be followed by twelve months of probation.  Appellant filed timely post-sentence motions, which were denied on July 5, 2017.  This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[3]

Appellant presents the following issues for our review:

I. Whether the Trial Court erred in denying the Appellant's post sentence motion for judgment of acquittal when it found that the Commonwealth had presented sufficient evidence as to the offenses of manufacture/delivery, possession with intent to

_____

[3] We note our displeasure with the fact that appellate counsel has failed to attach to his brief a copy of Appellant's Pa.R.A.P. 1925(b) statement as required by Pa.R.A.P. 2111(a)(11) and a copy of the trial court opinion in contravention of Pa.R.A.P. 2111(b).

deliver, possession of controlled substance and possession of drug paraphernalia.

II. Whether the Trial Court erred in denying the Appellant's post sentence motion that a new trial should be granted when it found that the verdict was not against the weight of the evidence.

III. Whether the Trial Court erred in denying the [A]ppellant's motion for modification of sentence when it found that the sentence was not unduly harsh and excessive.

IV. The Trial Court erred in allowing the introduction of inadmissible evidence that had been previously suppressed.

V. The Trial Court Erred in denying [A]ppellant's motion to suppress evidence when it found that the search and seizure of the black plastic thermos cup was legal and constitutional.

Appellant's Brief at 7.

In his first issue, Appellant argues that there was insufficient evidence presented to support his convictions of possession with intent to deliver and simple possession. Appellant's Brief at 11-12. Specifically, Appellant contends that he

> does not dispute that the cup containing the controlled substances was in the vicinity of the seat in which the appellant was sleeping, however, there was no evidence suggested at trial, circumstantial or otherwise, that would prove the Appellant's conscious exercise of control over or intent to exercise control over the cup containing the controlled substances.

Id.[4]

_____

[4] We note that in his statement of questions presented, Appellant indicates that he is challenging whether the Commonwealth presented sufficient evidence to support his conviction of possession of drug paraphernalia. Appellant's Brief at 7. However, Appellant limits his argument to whether he

Our standard of review is well established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Estepp, 17 A.3d 939, 943-944 (Pa. Super. 2011).

In order to uphold a conviction of PWID pursuant to 35 P.S. § 780-113(a)(30), the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa. Super. 2000) (en banc). "The intent to deliver may be inferred from an examination

_____

had constructive possession of the black cup containing the narcotics. Accordingly, we conclude that any challenge to the sufficiency of the evidence pertaining to the conviction of possession of drug paraphernalia has been abandoned because Appellant has not developed any argument relating to that conviction in the argument section of his appellate brief as required by Pa.R.A.P. 2119(a).

of the facts and circumstances surrounding the case." Commonwealth v. Conaway, 791 A.2d 359, 362-363 (Pa. Super. 2002). "[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption." Commonwealth v. Jones, 874 A.2d 108, 121 (Pa. Super. 2005). Expert opinion testimony is also admissible "to aid in determining whether the facts surrounding the possession of controlled substances are consistent with intent to deliver." Commonwealth v. Ratsamy, 934 A.2d 1233, 1237 (Pa. 2007).

Regarding the crime of simple possession of narcotics, 35 P.S. § 780-113(a)(16) prohibits the following:

> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

Where the contraband a person is charged with possessing is not found on the person of the defendant, the Commonwealth is required to prove constructive possession. Commonwealth v. Kirkland, 831 A.2d 607, 611 (Pa. Super. 2003). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. Commonwealth v. Parker, 847 A.2d 745, 750 (Pa. Super. 2004). Our courts have held that constructive possession requires proof of the ability to

- 6 -

exercise conscious dominion over the substance, the power to control the contraband and the intent to exercise such control. Commonwealth v. Johnson, 920 A.2d 873, 882 (Pa. Super. 2007) (citing Commonwealth v. Valette, 613 A.2d 548, 550 (Pa. 1992)).

We are mindful that constructive possession can be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." Commonwealth v. Clark, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting Commonwealth v. Haskins, 677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we have held that circumstantial evidence is reviewed by the same standard as direct evidence and a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." Commonwealth v. Johnson, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

The trial court addressed Appellant's challenge to the sufficiency of the evidence as follows:

> As noted above, the Commonwealth offered testimony that [Appellant] was found unconscious on a train. The emergency medical technician who got to [Appellant] first noticed a black cup by his foot. The conductor also indicated that [Appellant] was alone, on the train and did not move from the time he boarded the train in Pittsburgh to the time he was found unresponsive. Much was made by [Appellant] in his argument that the conductor noticed [that] a bag fell, from [Appellant's] body when he was first moved, but when the EMS arrived there was only a cup and all the bags were in the cup. The [trial c]ourt notes that this one fact does not create reasonable doubt. The [trial c]ourt, as the fact-finder, found the testimony of the conductor and EMS worker

- 7 -

credible. We also credited the unrefuted testimony of the lab technicians and Detectives that this was a quantity of both heroin and cocaine that was bound to be sold on the streets of Johnstown on a one way-ticket from Pittsburgh. Based on the totality of the circumstances and the credible testimony of the Commonwealth's witnesses we find that the Commonwealth established that [Appellant] constructively possessed the black cup containing the narcotics.

Trial Court Opinion, 7/5/17, at 5. We agree with the trial court's determination that Appellant constructively possessed the black cup.

Our review of the certified record reflects that Ed Stapleton, the Amtrak railroad conductor working on the train in which Appellant was a passenger, testified at Appellant's trial. N.T., 4/20/17, at 4-20. He explained that every night cleaners service the train, which entails vacuuming, picking up trash, etc. Id. at 11. Mr. Stapleton further testified that on August 17, 2016, he encountered Appellant as a passenger on the 7:30 a.m. train departing Pittsburgh. Id. at 5-6. Mr. Stapleton stated that he scanned Appellant's ticket, and Appellant then sat down and took a nap. Id. at 6-7. Mr. Stapleton explained that Appellant was alone in his row and was spread out over two seats. Id. at 7-8. Mr. Stapleton testified that Appellant slept in his seat the entire time he was on the train. Id. at 18. As the train was approaching Johnstown, Mr. Stapleton attempted to awaken Appellant. Id. at 8. However, Appellant was unresponsive. Id. Mr. Stapleton then alerted the train engineer of the situation, and paramedics were summoned. Id. 8-9.

In addition, Jacob Berkey, a paramedic dispatched to the Amtrak train in Johnstown on August 17, 2016, testified at Appellant's trial. N.T., 3/29/17,

at 15-24. Mr. Berkey explained that Appellant was unresponsive, and that he administered Narcan, which had no effect upon Appellant. Id. at 16-17. He further testified that, on the floor at Appellant's feet, there was a black cup containing an unknown substance. Id. at 17. Mr. Berkey stated that, when the police arrived at the scene, he picked up the black cup and gave it to the police. Id. at 19.

Officer Larry Woodard of the Johnstown Police Department also testified at Appellant's trial. N.T., 3/29/17, at 24-45. He stated that he was dispatched to the Amtrak station on August 17, 2016, to attend to an unconscious man. Id. at 25. Officer Woodard stated that upon arriving at Appellant's location on the train, EMS personnel handed the officer a black cup. Id. The officer testified that the cup contained knotted baggies, which he immediately recognized as heroin and crack cocaine. Id. at 26.

This evidence, viewed in a light most favorable to the Commonwealth, is sufficient to establish that Appellant constructively possessed the black cup containing heroin and crack cocaine found on the floor of the train at his feet. Accordingly, Appellant's assertion that the Commonwealth failed to present sufficient evidence to support his convictions lacks merit.

Appellant next argues that the trial court erred in denying his post-sentence claim that the verdict was against the weight of the evidence. Appellant's Brief at 12-13. Appellant contends that the evidence could not support the inference that Appellant possessed the narcotics in question. Id.

In Commonwealth v. Clay, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Widmer, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); Commonwealth v. Brown, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Widmer, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" Id. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Brown, 538 Pa. at 435, 648 A.2d at 1189.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

>> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. Commonwealth v. Farquharson, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

- 10 -

Widmer, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

Widmer, 560 A.2d at 322, 744 A.2d at 753 (quoting Coker v. S.M. Flickinger Co., 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

Clay, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." Commonwealth v. Diggs, 949 A.2d 873, 879-880 (Pa. 2008).

The trial court addressed this issue as follows:

Because the [trial c]ourt served as fact-finder in this non-jury trial, we find that the verdicts were dictated by the interests of justice. As previously noted, the Commonwealth established that [Appellant] exercised constructive possession over a large quantity of two different types of controlled substances. [Appellant] had a one-way ticket to Johnstown from Pittsburgh. [Appellant's] defense was that the narcotics were not his. He raised inferences that someone else secreted them next to his

- 11 -

person while he lay unconscious or they were left on the train the evening before because there was no evidence or record that the train was cleaned. The only other plausible explanation is that the conductor and EMS are engaged in a conspiracy to frame him. The [trial c]ourt finds it unlikely that a person misplaced or dropped literally thousands of dollars of narcotics on a train next to an unconscious man. We find [all] of these theories of the case wildly implausible and therefore we shall not disturb our verdicts. The [trial c]ourt also notes that it did not in fact find [Appellant] guilty on each and every count in the Criminal Information[,] but only those that the Commonwealth proved beyond a reasonable doubt, i.e., counts 1-5.

Trial Court Opinion, 7/5/17, at 6-7.

Based upon our complete review of the record, we are compelled to agree with the trial court. Here, the trial judge, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant. The trial court weighed the evidence and concluded Appellant perpetrated the crimes in question. We agree that this determination is not so contrary to the evidence as to shock one's sense of justice, which would necessitate the trial court granting Appellant's motion for a new trial. We decline Appellant's invitation to assume the role of fact-finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Appellant next argues that the trial court erred in denying his post-sentence motion seeking modification of his sentence. Appellant's Brief at 13-14. Basically, Appellant asserts that the sentence imposed, which was "set at the high end of the standard range[,]" was unduly harsh and excessive. Id. at 14.

We note that our standard of review is one of abuse of discretion. Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006). It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Hartle, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. Commonwealth v. W.H.M., 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in Commonwealth v. Moury, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Id. at 170 (citing Commonwealth v. Evans, 901 A.2d 528 (Pa. Super. 2006)).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Moury, 992 A.2d at 170 (citing Commonwealth v. Mann, 820 A.2d 788 (Pa. Super. 2003)). Further, we are mindful that a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's discretionary aspects of sentencing argument. Commonwealth v. Roser, 914 A.2d 447, 457 (Pa. Super. 2006). However, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. Id. (quoting Commonwealth v. Love, 896 A.2d 1276, 1287 (Pa. Super. 2006)). See also Commonwealth v. Farmer, 758 A.2d 173, 182 (Pa. Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived). Cf. Commonwealth v. Lutes, 793 A.2d 949, 964 (Pa. Super. 2002) (holding that if the appellant fails to comply with Pa.R.A.P 2119(f), Superior Court may entertain discretionary sentencing claim if Commonwealth does not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

Herein, the first and second requirements of the four-part test are met because Appellant timely brought this appeal following the denial of Appellant's post-sentence motions, and he included a challenge to the discretionary aspects of his sentence in his post-sentence motions. However,

the third requirement is not met. Specifically, Appellant failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth is aware of the omission and has objected to Appellant's omission by stating that Appellant's failure to request the right to appeal via a Rule 2119(f) statement is fatally defective to the claim. Commonwealth's Brief at 9. Therefore, Appellant's issue is waived, and we are precluded from addressing the merits of his claim on appeal.

Appellant next argues that the trial court erred in permitting the introduction of evidence that had been determined to be inadmissible by the suppression court. Appellant's Brief at 14-16. Appellant baldly asserts that the contents of the black backpack and black plastic garbage bag, which had been suppressed prior to trial, were improperly admitted into evidence during his trial, and he alleges that the contents "were the only evidence offered to prove one of the counts of possession of a controlled substance." Id. at 15.

Before we address the merits of this issue, we must consider whether the claim has been preserved for appellate review. Initially, we observe that Appellant has failed to specify the point in the record where the evidence was admitted at trial and the place in the record where he preserved this claim by lodging a proper objection at trial.

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time

on appeal." Pa.R.A.P. 302(a). In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Furthermore, Pa.R.A.P. 2119 addresses arguments in appellate briefs and references to the record, and provides, in relevant part, as follows:

> If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears . . . .

Pa.R.A.P. 2119(c). "When an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal." Commonwealth v. Harris, 979 A.2d 387, 393 (Pa. Super. 2009) (citing Pa.R.A.P. 2119(c)).

> In order to preserve an issue for review, a party must make a timely and specific objection at trial. A failure to object to an offer of evidence at the time the offer is made, assigning the grounds [for objection], is a waiver upon appeal of any ground of complaint against its admission.

Commonwealth v. Griffin, 684 A.2d 589, 595 (Pa. Super. 1996) (citations and quotation marks omitted).

In Commonwealth v. Colon, 846 A.2d 747 (Pa. Super. 2004), the appellant's counsel filed a motion in limine to exclude a witness's testimony. Id. at 752. The court denied the motion, and the appellant's counsel failed to object on the record to the ruling. Id. Counsel also did not object when the

witnesses were called to testify. Id. Relying on Griffin, this Court determined the appellant waived his right to argue the issue on appeal. Id. at 573.

Appellant's bald assertion regarding the admission of the contents of the backpack and plastic garbage bag lacks any supporting citation or proof in the record.[5] In addition, Appellant has not directed our attention to a place in the record where a proper objection to the alleged admission of the evidence had been made at trial. As such, Appellant has waived this claim.

Appellant last argues that the trial court erred in denying his motion to suppress the physical evidence that was discovered in the black, thermos-style cup. Appellant's Brief at 16-17. Appellant contends the suppression court improperly concluded that the plain view exception to the warrant requirement permitted the black cup and its contents to be admitted into evidence at trial. Id. at 16. Appellant disputes "that the officers had probable cause to believe that the item was evidence, contraband, or a fruit or instrumentality of a crime." Id.

_____

[5] We note that the trial court addressed Appellant's allegation as follows:

> [Appellant] raised an oral motion for new trial at the time of oral argument claiming that the [trial c]ourt heard evidence that had been previously suppressed by the [suppression court]. [W]e do not believe any inadmissible evidence came into the record during trial[.]

Trial Court Opinion, 7/5/17, at 8.

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. Commonwealth v. Preston, 904 A.2d 1, 6 (Pa. Super. 2006) (citing Commonwealth v. Williams, 715 A.2d 1101, 1103 (Pa. 1998)). The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Id. See also Commonwealth v. Bracalielly, 658 A.2d 755, 763 (Pa. 1995); Commonwealth v. Baker, 614 A.2d 663, 672 (Pa. 1992); Commonwealth v. Quinlan, 412 A.2d 494, 496 (Pa. 1980). In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis upon which relief could be granted. Preston, 904 A.2d at 7. The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921.

"We can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'" Commonwealth v. Brown, 161 A.3d 960, 968 (Pa. Super. 2017) (quoting Commonwealth v. B.D.G., 959 A.2d 362, 372 (Pa. Super. 2008)). Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it

contains all of the materials necessary for the reviewing court to perform its duty. Commonwealth v. Kleinicke, 895 A.2d 562, 575 (Pa. Super. 2006) (en banc). The Pennsylvania Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). When the appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcripts must be deemed waived for the purpose of appellate review. Williams, 715 A.2d at 1105. See also Pa.R.A.P. 1911(d) (stating that "[i]f the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). It is not proper for an appellate court to order transcripts, nor is it the responsibility of this Court to obtain the necessary transcripts. Williams, 715 A.2d at 1105.

Our review of the record reflects that Appellant filed a motion to suppress physical evidence on November 1, 2016. The record further reflects that a suppression hearing was scheduled for December 13, 2016. In addition, the certified record contains an opinion and order from the suppression court, which were filed on December 21, 2016. The suppression court's opinion confirms that "[a h]earing relative to [Appellant's] Motion was held before the [suppression c]ourt on December 13, 2016." Suppression Court Opinion,

12/21/16, at 1.  Likewise, the introduction to the suppression court's order disposing of Appellant's motion to suppress provides as follows:

> AND NOW, this 21st day of December, 2016, upon consideration of [Appellant's] "Motion to Suppress Evidence," the testimony, evidence, and legal argument presented at hearing on December 13, 2016, it is hearby ORDERED and DIRECTED as follows[.]

Order, 12/21/16, at 1.  Thus, it is apparent from the record that the suppression court held a hearing as scheduled on December 13, 2016.

Upon review of the certified record before us, it is obvious that the transcript of the suppression hearing was not included in the certified record for transmittal to this Court.  Moreover, there is nothing in the certified record to suggest that Appellant requested the transcript for the suppression hearing. Indeed, as the Commonwealth accurately observes in its brief, there is no indication in the record that the suppression hearing was ever transcribed. Commonwealth's Brief at 12 n.1.  Our review of the docket and the certified record index supports that conclusion.  In an abundance of caution and in an effort to address this issue, we have taken the lenient approach and directed the Superior Court Prothonotary to contact the Clerk of Courts of the Cambria County Court of Common Pleas to ascertain whether the transcript inadvertently remained with the trial court.  The Cambria Court of Common Pleas Clerk of Courts informed our prothonotary that a transcript of the suppression hearing in this matter was never requested by Appellant.

Therefore, Appellant failed to ensure that the complete record is before this Court for review.

We note that the trial court had granted Appellant permission to proceed in forma pauperis. Order, 8/3/17, at 1. This status, however, does not absolve Appellant of his responsibility to make necessary transcripts part of the certified record.

> Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, he will not be assessed costs. But, that does not absolve the appellant and his lawyer of his obligation to identify and order that which he deems necessary to prosecute his appeal. The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record.

Commonwealth v. Lesko, 15 A.3d 345, 410 (Pa. 2011).

Given that the suppression court's ruling is based upon evidence and testimony presented at the suppression hearing, appellate review is not possible without this crucial transcript. As explained, "[w]hen the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." Commonwealth v. Houck, 102 A.3d 443, 456 (Pa. Super. 2014). "We are limited to considering only those facts which have been duly certified in the record on appeal." Commonwealth v. Osellanie, 597 A.2d 130, 131 (Pa. Super. 1991). "[I]t is not the responsibility of this [C]ourt to obtain a copy of [a] transcript for

the purposes of reviewing the client's claims." Id. at 132. Accordingly, because we cannot review the issue pertaining to the denial of Appellant's motion to suppress without reference to the transcript of the suppression hearing, our review is hampered, and we are constrained to deem this issue to be waived on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2018